IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RUSSELL ADAMS, #850487, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:19-CV-47-JDK-KNM |
| LORIE DAVIS, *et al.*, | § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Russell Adams, an inmate confined in the Texas prison system, proceeding pro se and in forma pauperis, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. In response to an Order to Answer, Defendants Brandon E. Newell and George O. Richard filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docket No. 22. On January 9, 2020, the Magistrate Judge issued a Report and Recommendation concluding that the motion to dismiss should be denied. Docket No. 30. Defendants Newell and Richard timely filed objections. Docket No. 33.

The Court has conducted a careful de novo review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (The district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Having reviewed the Magistrate Judge's Report and Recommendation and Defendants' objections, the Court concludes that the Report is correct and that the objections are without merit.

Defendants' objections reiterate the same arguments raised in their motion to dismiss,

contending mainly that Plaintiff has not sufficiently alleged a claim of deliberate indifference. *Compare* Docket No. 33 at 2–4, *with* Docket No. 22 at 4–6. As outlined in the Report, however, Plaintiff alleged that Defendants knew of Plaintiff's medical restrictions, and yet ignored his complaints when he attempted to carry out the duties of his job assignment. *See* Docket No. 30 at 8–9. The Court therefore agrees that the complaint "evinces a wanton disregard for Plaintiff's serious medical needs" and adequately pleads a claim of deliberate indifference. *Calhoun v. Hargrove*, 312 F.3d 730, 734–35 (5th Cir. 2002).

Defendants also argue they are entitled to qualified immunity. *Compare* Docket No 33 at 4–6, *with* Docket No. 22 at 7–8. Like Defendants' argument in the motion to dismiss, however, the objections merely explain the doctrine of qualified immunity in broad terms and fail to apply the doctrine specifically to each Defendant. *See id*. The Court agrees with the Report and holds that Defendants are not entitled to the defense of qualified immunity at this stage of the proceeding.

It is accordingly **ORDERED** that the Report and Recommendation (Docket No. 10) is **ADOPTED**. It is further **ORDERED** that Defendants Newell and Richard's motion to dismiss (Docket No. 22) is **DENIED**. Plaintiff's deliberate indifference claims against Defendants Newell and Richard, in their official and individual capacities, remain pending before the Court at this time.

So **ORDERED** and **SIGNED** this **5th** day of **February, 2020.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE